**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**SHAREE HALL, #15661-111**

   Petitioner,

vs.                                                    CASE NO.  4:16cv432-MW/CAS

**WARDEN JONES,**

   Respondent.
_____/

## REPORT AND RECOMMENDATION

This cause is before me upon referral from the Clerk.  In an order filed July 14, 2016,  Petitioner was directed to file either pay the $5.00 filing fee or, alternatively, file a new motion to proceed in forma pauperis by August 15, 2016.  ECF No. 3.  Petitioner was specifically warned that a recommendation would be made that this case would be dismissed if she failed  to comply with that order.  On August 1, 2016, Petitioner's copy of that order was returned to the Clerk's office undelivered.  A check with the Bureau of Prisoners inmate search site revealed that the Petitioner had been transferred to FCI Hazelton in Bruceton Mills, West Virginia.   On that same date, the Clerk's office mailed another copy of the order to

Petitioner's current address.  ECF No. 5.  To date, Petitioner has not complied with that order.

A trial court has inherent power to dismiss a case sua sponte for failure to prosecute.  <u>Link v. Wabash R.R.</u>, 370 U.S. 626, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962).  Fed. R. Civ. P. 41(b) authorizes a district court to dismiss an action for failure to obey a court order.  <u>Moon v. Newsome</u>, 863 F.2d 835, 838 (11th Cir. 1989), *cert. denied*, 493 U.S. 863 (1989).  Petitioner did not comply with an order or to prosecute this case.  As a result, his petition should be dismissed without prejudice.

Petitioner shall have a 14-day period after service of this report and recommendation in which to file objections.  This will also afford Petitioner a final opportunity to show good cause for this failure to respond.  Petitioner may do so by filing a motion for reconsideration which will be referred to me by the Clerk.

It is therefore, respectfully **RECOMMENDED** that this case be **DISMISSED without prejudice.**

**IN CHAMBERS** at Tallahassee, Florida, on September 7,  2016.


s/ Charles A. Stampelos<br>CHARLES A. STAMPELOS<br>UNITED STATES MAGISTRATE JUDGE

## NOTICE TO THE PARTIES

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.</u> If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**